Jerome V. JANUSZEWSKI

v.

John R. MANSON, Commissioner, Connecticut Department of Corrections.

Civ. No. H–81–549.

United States District Court, D. Connecticut.

Nov. 3, 1981.

Ronald Cassidento, West Hartford, Conn., Joseph F. Keefe, Torrington, Conn., for plaintiff.

C. Robert Satti, State's Atty. for New London Judicial Dist., New London, Conn., for defendant.

## MEMORANDUM OF DECISION

BLUMENFELD, Senior District Judge.

Petitioner, Jerome V. Januszewski, a prisoner at the Connecticut Correctional Institution at Somers, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This petition properly should have been brought pursuant to 28 U.S.C. § 2254 and will be treated as such.[1]

### Statement of the Case

In September 1978, the petitioner was convicted in a Connecticut state court of, among other charges, the offense of possession with the intent to sell one kilogram or more of a cannabis-type substance in violation of Connecticut General Statutes § 19–

---

**1.** 28 U.S.C. § 2254 provides, in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

480a(b). He was sentenced to a term of not less than seven, nor more than fifteen, years. He challenges the constitutionality of his conviction on the ground that it deprived him of his constitutional right to a presumption of innocence, shifted the burden of proof to him on an essential element of the crime charged, forced him to waive his privilege against self-incrimination, and denied him due process by invading the fact finding function of the jury in violation of the fifth and fourteenth amendments to the United States Constitution.

The statute under which the petitioner was convicted reads:

> Any person who ... possesses with the intent to sell ... one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years ....

Conn.Gen.Stat. § 19–480a(b) (West 1977). Section 19–474 of the Connecticut General Statutes provides:

> In any complaint, information or indictment, and in any action or proceeding brought for the enforcement of any provision of this part, it shall not be necessary to negative any exception, excuse, proviso or exemption contained in said section, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant.

Conn.Gen.Stat. § 19–474 (West 1977).

At his trial the state court instructed the jury as follows concerning the charge under section 19–480a(b):

> [B]ecause this element [drug dependency] is an excuse ... the burden of going forward shifts to the defendant. The state still has the ultimate burden of proving beyond a reasonable doubt, but some evidence has to come in from the defendant showing that he meets this

exception or excuse. So I charge you on the element of drug dependency as follows: Now, although it is true that the burden of proving an accused is not drug dependent is upon the state, it is also true that because most men are not drug dependent or most men are not drug addicts, the law presumes that an accused was not drug dependent at the time of the incident on which the charge is based unless there is some credible evidence introduced tending to prove to the contrary. There was no such evidence of drug dependency introduced in this case, so you may safely assume, if you so choose, that the accused was not drug dependent.

*State of Connecticut v. Jerome Januszewski*, 42 Conn.L.J. No. 8, at 44, 51 n.17, 438 A.2d 679 (1980).

On direct appeal of the petitioner's conviction the Connecticut Supreme Court construed section 19–480a(b) to mean that "the defendant's status as a person who is not drug-dependent is not an essential element of the offense charged." *Id.* at 692. The court held that section 19–474 applies to give the defendant initial burden of introducing "some substantial evidence tending to prove his drug dependency at the time of the offense" but that once he meets this burden of production, section 19–474 loses all operative effect and the state must prove beyond a reasonable doubt that the defendant was not entitled to the exemption. *Id.* at 691.[2] The Connecticut Supreme Court reasoned:

> Whether the existence of some fact is an essential element of a crime depends upon whether the existence of that fact forms a part of the conduct prohibited by the statute; that is, whether the fact in question is part of the corpus delicti .... We conclude that the defendant's status as a person who is not drug-dependent is not an essential element of the offense charged. It is not a part of the prohibit-

---

**2.** This interpretation of the effect of section 19–474 is consistent with an earlier construction of section 19–474 in *State v. Brown*, 163 Conn. 52, 301 A.2d 547 (1972). In fact, the Connecticut Supreme Court specifically approved the trial judge's charge to the jury as complying with existing law as established in the *Brown* case. *State v. Januszewski*, 42 Conn.L.J. No. 8, at 691.

ed conduct, i. e., the possession of a certain quantity of a narcotic substance with intent to sell. . . .

. . . .

Not only does the language of § 19–474 place the burden of producing some substantial evidence of drug dependency upon the defendant, logic does as well. It is generally recognized that the state bears no initial burden of proof on matters personal to the defendant and peculiarly within his own knowledge. . . . A defendant's drug dependency at the specific point of time in the past at which the offense occurred is certainly a matter personal to the defendant and peculiarly within his own knowledge. Moreover, the enactment of § 19–474 appears to be an implicit recognition by the legislature of the difficulty created when any party is given the burden of proving the nonexistence of a certain fact . . . .

*Id.* 163 Conn. at 51–52, 301 A.2d 547.

The petitioner contends that his conviction under section 19–480a(b) is unconstitutional because the trial court's charge to the jury offended the constitutional presumption of innocence by shifting to the petitioner the burden of negating the element of nondrug-dependence. He also contends that the Connecticut Supreme Court's holding, that under section 19–480a(b) drug dependency is an affirmative defense which the defendant is required to prove, is a denial of due process because it offends the presumption of innocence, requires him to prove an essential element of the offense, invades the fact finding function of the jury through an illegitimate use of presumptions, and forces him to waive his fifth amendment privilege against self-incrimination.

Summarizing the claims raised by this petition, they in essence amount to three interrelated arguments: (1) that under section 19–480a(b) nondrug-dependency is an element of the offense and that, as a result of the charge to the jury at his trial and the subsequent ruling of the Connecticut Supreme Court, the petitioner was required to bear the burden of proof as to this element

in violation of the due process requirement that the state prove every element of a criminal case beyond a reasonable doubt; (2) that the instructions to the jury set forth a presumption of nondrug-dependency in violation of due process and infringed the jury's fact finding function; and (3) that placing onto a criminal defendant the burden of producing evidence of drug dependence violates his fifth amendment privilege against self-incrimination.

### I. The Allocation of the Burden of Proof on the Issue of Drug Dependency

The primary issue presented by this petition is whether the instructions to the jury and/or the Connecticut Supreme Court's holding placed upon the petitioner a burden of proof incompatible with the requirements of due process.

### A. Constitutional Standards Concerning the Burden of Proof in Criminal Cases

It is well established that the United States Constitution requires that the state in a prosecution prove beyond a reasonable doubt every essential element of the crime charged. *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In recent years there has been some confusion over when, if ever, it is permissible for a state to shift to a criminal defendant the burden of proving an affirmative defense. Traditionally it was clearly established that a state could require a defendant to prove beyond a reasonable doubt any affirmative defense. *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). However, in 1975 the Supreme Court unanimously reversed a conviction because the state required a defendant to prove by a preponderance of the evidence that he acted in the heat of passion in order to reduce a murder charge to manslaughter. *Mullaney v. Wilbur*, 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508 (1975). The *Mullaney* case led many to believe that a state cannot place upon the defendant any burden of persuasion with regard to an affirmative defense or mitigating factor. *See, e. g.,*

Note, *Affirmative Defenses and Due Process: The Constitutionality of Placing a Burden of Persuasion on a Criminal Defendant,* 64 Georgetown L.J. 871 (1976). Two years later, however, the Supreme Court narrowly limited the *Mullaney* case to its facts by upholding a statute which placed upon the defendant the burden of proving by a preponderance the affirmative defense of extreme emotional disturbance in order to reduce his offense from murder to manslaughter. *Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977).

Justice White's opinion for the majority in *Patterson* distinguishes *Mullaney* on the ground that, under the Maine law at issue in *Mullaney,* the absence of "heat of passion" was part of the definition of malice aforethought which in turn was an essential element of the crime of murder. *Id.* at 212–15, 97 S.Ct. at 2328–29. Absence of heat of passion was, therefore, according to state law, part of the element of the offense in *Mullaney* and must, under *In Re Winship,* be proven by the state beyond a reasonable doubt. *Patterson v. New York,* 432 U.S. at 212–15, 97 S.Ct. at 2328–29. In *Patterson,* on the other hand, the New York statute at issue explicitly provided that acting under the influence of extreme emotional disturbance was an "affirmative defense." *Id.* at 198 n.2, 97 S.Ct. at 2321 n.2. The *Patterson* case, therefore, requires us to distinguish between an affirmative defense, which a defendant may be required to prove, and an element of the offense on which the burden of proof can never switch to the defendant.[3]

Despite the fact that the distinction established by the *Patterson* case may be difficult at times to apply, it is now established that a state may "place on a defendant the burden of proving by a preponderance of the evidence a matter not defined by the legislature as a necessary ingredient of the crime but which mitigates the degree of the offense." *Farrell v. Czarnetzky,* 566 F.2d 381, 382 (2d Cir. 1977) (per curiam), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978).

B. *Allocation of a Burden of Production to a Criminal Defendant Does Not Implicate the Principles of the* Patterson *Case*

A fair reading of the charge to the jury at petitioner's trial reveals that the petitioner was required to bear only a burden of production, *i.e.,* of going forward with evidence sufficient to raise the issue of drug dependency. He was never required to bear a burden of persuasion on this issue.

The distinction between a burden of persuasion and a burden of production is well established although both concepts are sometimes included within the larger concept of burden of proof. The petitioner confuses the distinction between these two very different concepts.

The *Mullaney/Patterson* doctrine is applicable only where a state places the burden of persuasion as to a given fact on a defendant. Both *Mullaney* and *Patterson* involved state laws which required criminal

---

**3.** Justice Powell, writing for the dissent in *Patterson,* points out that the affirmative defense of emotional disturbance at issue in *Patterson* was merely a modern version of the heat of passion element at issue in *Mullaney,* that the majority's distinction apparently rests on the fact that one statute used the terminology "affirmative defense," while the other did not, a purely formalistic distinction which violates the basic rationale of *Mullaney.* Powell suggests an alternative to the majority's simple reliance upon whether or not a particular factor is defined by the state as an element of the offense or as an affirmative defense. He would require a state to retain the burden of proving beyond a reasonable doubt every fact which (1)

makes a substantial difference in punishment and in the stigma associated with the conviction *and* (2) which has, in the Anglo-American legal tradition, historically been considered to be a highly important factor in the definition of the offense. *Patterson v. New York,* 432 U.S. at 226, 97 S.Ct. at 2335 (Powell, J., dissenting). He would specifically exclude, however, "new ameliorative affirmative defenses." *Id.* at 229–30, 97 S.Ct. at 2336–37. Even under the dissent's approach, therefore, there would be no constitutional barrier to requiring a defendant to prove the fact of drug dependency in this prosecution because it clearly constitutes such a modern "ameliorative defense."

defendants to establish certain facts with proof by a preponderance of the evidence. *Patterson v. New York*, 432 U.S. at 200, 97 S.Ct. at 2321; *Mullaney v. Wilbur*, 421 U.S. at 686, 95 S.Ct. at 1883. The Court, therefore, was only presented with the question of when a state can require a criminal defendant to bear a burden of persuasion on a given factor. Where a persuasion burden is at issue *Patterson* requires that we determine whether that factor is an element of the offense. Only where it is not an element of the offense can the burden of persuasion be placed upon the defendant. Where, however, the state only requires the defendant to bear a burden of producing sufficient evidence to raise a defense, at which point the state again has the ultimate burden to persuade the jury that the defense is not applicable, the *Patterson* doctrine does not apply.

The allocation to a criminal defendant of a burden of going forward with evidence sufficient to raise an affirmative defense has long been an established part of many criminal codes and has never been seriously challenged. *See, e. g., United States v. Carr*, 582 F.2d 242, 246 (2d Cir. 1978) (once the government establishes the essential elements of a crime, the defendant has the option of producing evidence in justification or excuse); *United States v. Licursi*, 525 F.2d 1164, 1168 (2d Cir. 1975) (it is the defendant's initial burden in raising an entrapment defense to show inducement). There is no intention in either *Mullaney* or *Patterson* to upset the well-established practice of placing upon a criminal defendant the burden of production as to an affirmative defense or mitigating factor.

### C. The Factor of Drug Dependency is Not An Element of the State's Case Under Connecticut General Statutes § 19–480a(b)

It is clear to this court that the petitioner was required to bear only a burden of pro-

duction, not persuasion, on the factor of drug dependency. In fact, the petitioner's Memorandum appears to concede this point. Memorandum in Support of the Petitioner's Writ of Habeas Corpus, at 2, 6. Nevertheless, the petitioner contends that his right to a presumption of innocence was violated by the trial court's charge. Apparently, the petitioner reads the *Patterson* case as applying to production burdens as well as persuasion burdens. Although this court does not read *Patterson* as extending so far, I will accept, for the sake of argument, this construction because, even under this approach, the petitioner's claim must fail.

■ Where a state places upon a defendant the burden of proof on any issue, *Patterson* requires a determination of whether that issue is an element of the state's case or an affirmative defense. This is a question of state law and must be controlled by state authority in all but the most "extreme circumstances." *Mullaney v. Wilbur*, 421 U.S. at 691, 95 S.Ct. at 1885.[4] The Connecticut Supreme Court held in this case that nondrug-dependency is not an element of the state case under section 19–480a(b) although the state will bear the burden of persuasion on the issue should the defendant meet his burden of producing "some substantial evidence tending to prove his drug dependency at the time of the offense." *State v. Januszewski*, at ——. Since drug-dependency is not an element of the state's case under this controlling construction of state law, requiring the petitioner to bear any burden of proof on this issue does not violate the constitutional principle established in *Patterson v. New York*.

■ The petitioner contends that nevertheless his conviction was improper because the jury was instructed that nondrug-dependency was an element of the state's case

---

**4.** The Court will "re-examine a state court interpretation of state law" only when it "appears to be an 'obvious subterfuge to evade consideration of a federal issue.'" *Mullaney v. Wilbur*, 421 U.S. at 691 n.11, 95 S.Ct. at 1886 n.11 (citing *Radio Station WOW, Inc. v. John-*

*son*, 326 U.S. 120, 129, 65 S.Ct. 1475, 1480, 89 L.Ed. 2092 (1945)). There does not appear to be such a situation presented here and, therefore, the Connecticut Supreme Court's construction of section 19–480a(b) must be controlling.

and, therefore, placing upon the defendant any burden of proof as to this factor violated his right to a presumption of innocence. Memorandum in Support of the Petitioner's Writ of Habeas Corpus, at 7. However, the holding of the Connecticut Supreme Court clearly controls as to whether this factor is an element of the state's case. The trial judge's use of the word "element" cannot be controlling. Since the Connecticut Supreme Court held that the factor of drug dependency is a mitigating factor and not an element of the state's prima facie case, *State v. Januszewski*, 42 Conn. L.J. No. 8, at 693, *Patterson* compels this court to conclude that requiring the petitioner to bear a burden of proof as to this issue did not violate his constitutional rights.

II. *The Use of a Presumption of Nondrug-dependency in This Case Violates No Constitutional Principles*

A related but distinct claim which the petitioner raises is that the Connecticut Supreme Court's construction of sections 19–480a(b) and 19–474 impermissibly utilizes a presumption that most men are not dependent on drugs in violation of *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) and *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Memorandum in Support of Petitioner's Writ of Habeas Corpus, at 3. This line of cases deals with the issue of when it is constitutionally permissible for a legislature to enact into the statutory definition of a criminal offense a presumption that proof of one element shall be evidence of another element of the offense. Ordinarily such a legislative presumption is valid unless it is so arbitrary as to violate due process. In *Leary v. United States* the Court applied the test derived from the earlier *Tot* case to determine when a legislative presumption is so arbitrary as to violate due process:

a criminal statutory presumption must be regarded as "irrational" or "arbitrary", and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact upon which it is made to depend.

*Id.* at 36, 89 S.Ct. at 1548.[5]

■ Applying this standard to the statute at issue here, petitioner's constitutional claim clearly must fail. Sections 19–480a(b) and 19–474 of the Connecticut General Statutes, as construed by the Connecticut Supreme Court, merely allocate the burden of production on an affirmative defense. They do not create a presumption requiring an inference of one fact from proof of another. Even accepting for the sake of argument the suggestion that these statutes create a presumption of nondrug-dependency, such a presumption would be upheld under the "more-likely-than-not" standard of *Leary v. United States.*

■ The petitioner also argues that the jury instructions at his trial could reasonably be interpreted as establishing a mandatory presumption that the petitioner was not drug-dependent in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Memorandum in Support of the Petitioner's Writ of Habeas Corpus, at 15. At issue in *Sandstrom* was a jury instruction which could reasonably have been interpreted as establishing a conclusive presumption that the defendant had the required intent from proof of the voluntariness of his acts. *Sandstrom v. Montana.* The Supreme Court held that a charge capable of such an interpretation violated due process because the jury could have concluded that the defendant had the

5. The Court continues in a footnote:
Since we find that the ... presumption is unconstitutional under this standard, we need not reach the question whether a criminal presumption which passes muster when so judged must also satisfy the criminal "reasonable doubt" standard of proof if the crime charged or an essential element thereof depends upon its use.

*Leary v. United States*, 395 U.S. at 36 n.64, 89 S.Ct. at 1548 n.64. The answer to this query would presumably be yes after *In Re Winship*, but this issue is not presented here because, as already discussed, the controlling state law clearly makes drug dependency a defense, not an element of the state's prima facie case.

burden of proof on the issue of intent, thereby violating the requirement that the state bear the burden of proof on every element of a criminal charge. *Id.* at 521, 99 S.Ct. at 2458.

*Sandstrom v. Montana* is not on point, because if there was any presumption created by the trial court's charge to the jury it concerned only the issue of drug-dependency which was not, as discussed above, an element of the state's case. The citation to *Sandstrom*, therefore, adds nothing to the arguments already disposed of concerning the allocation of the burden of proof and the use of legislative presumptions.

### III. *Petitioner's Privilege Against Self-Incrimination Was Not Violated*

█ The petitioner's claim that he was forced to waive his privilege against self-incrimination does not add anything to his other arguments that the statutory scheme utilizes improper presumptions and requires him to disprove an element of the state's case. If the allocation of the burden of proof and/or the use of a presumption of nondrug-dependence is otherwise constitutionally acceptable, the claim that it violates or burdens his privilege against self-incrimination must fail. The United States Supreme Court long ago settled this issue:

The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself may be put aside with slight discussion. The statute compels nothing. It does no more than to make possession of the prohibited article *prima facie* evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case. The same situation might present itself if there were no statutory presumption and a *prima facie* case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of

an explanation by the accused would be quite as compelling in that case as in this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution.

*Yee Hem v. United States,* 268 U.S. 178, 185, 45 S.Ct. 470, 472, 69 L.Ed. 904 (1925). Requiring a defendant to produce evidence is not equivalent to requiring him to testify. Other evidence of drug dependence could be presented in lieu of his own testimony. The fact that one way a defendant may meet his burden is to take the stand himself does not implicate the privilege against self-incrimination. *United States v. Armone,* 363 F.2d 385, 392–93 (2d Cir.), *cert. denied,* 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966); *United States v. Turner,* 404 F.2d 782, 783–84 (3d Cir. 1968), *aff'd in relevant part,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

For the above reasons, the petition for a writ of habeas corpus is denied and the petition is dismissed.

SO ORDERED.