Gerald MANNING, Petitioner-Appellant,

v.

WARDEN, LOUISIANA STATE PENI-
TENTIARY, a/k/a Frank C.
Blackburn, Respondent-Appellee.

No. 85–4508.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 9, 1986.

Gerald Manning, pro se.

Earl Cox, Monroe, La., for respondent-appellee.

Before GEE, REAVLEY and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Gerald Manning was convicted of attempted aggravated rape and second degree murder of Vonda Harris.[1] *See State v. Manning,* 380 So.2d 46 (La.1980). The federal district court dismissed his petition for habeas corpus. We affirm.

---

1. Manning was also convicted of forcible rape upon another woman. *State v. Manning,* 380    So.2d 54 (La.1980).

## I.

Manning was sentenced for 20 years for the attempted aggravated rape and life for the second degree murder. Acting *pro se,* he filed this present petition alleging improper joinder of a capital and non-capital charge, ineffective assistance of counsel for failing to object to the joinder, and that the Louisiana Supreme Court issued a blanket denial of his state court petition.[2] The district court, acting *sua sponte,* dismissed the petition for being a successive petition, Rule 9(b), 28 U.S.C. foll. § 2254 (1982), but issued a certificate of probable cause.

## II.

■ The district court grounded its dismissal of this petition in Rule 9(b) of the Rules Governing § 2254 Cases. Although the issue of abuse of the writ can be raised by the district court *sua sponte, Urdy v. McCotter,* 773 F.2d 652, 655 (5th Cir.1985), "the petitioner must be given specific notice that the court is considering dismissal and given at least 10 days in which to explain the failure to raise the new grounds in a prior petition." *Id.* at 656 (citation omitted). The record does not indicate that these grounds were asserted in the prior petition. The district court failed to give notice of the Rule 9(b) dismissal. Consequently, the district court improperly dismissed on Rule 9(b) grounds.

## III.

We affirm the judgment of the district court on different grounds. *Bickford v. International Speedway Corp.,* 654 F.2d 1028, 1031 (5th Cir.1981) ("[R]eversal is inappropriate if the ruling of the district court can be affirmed on any grounds...."). Even given the liberal construction afforded *pro se* pleadings, the district court could have, and should have, summarily dismissed Manning's petition. Rule 4, 28 U.S.C. foll. § 2254; *see Hill v. Estelle,* 653 F.2d 202, 203 (5th Cir.), *cert.*

*denied,* 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981).

Manning's complaint is grounded in Louisiana criminal procedure. Article 493, La. Code Crim.Proc.Ann. (West Supp.1986) is almost identical to Fed.R.Crim.P. 8(a) in providing (in relevant part) that two or more offenses may be charged in the same indictment if they "are based on the same act or transaction." However, article 493 adds the proviso "that the offenses joined must be triable by the same mode of trial." In *State v. McZeal,* 352 So.2d 592, 603–05 (La.1977), the Louisiana Supreme Court held that the proviso meant that a capital felony must be severed from a non-capital felony since a capital felony requires a unanimous vote from a twelve person jury while a non-capital felony requires only that ten out of twelve jurors agree. Therefore, the "modes of trial" are different and severance is required when there is a proper objection. *Id.* at 604.

■ At one trial, Manning was charged with the first degree murder of Vonda Harris, a capital felony, and the aggravated rape of Vonda Harris, a non-capital felony. 380 So.2d at 48. Manning argues that, under *McZeal,* the misjoinder of these two offenses entitled him to habeas relief. Both Manning and the State miss the point when they argue about Louisiana law. The simple fact is that "habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure." *Nelson v. Estelle,* 642 F.2d 903, 905–06 (5th Cir.1981); *see also Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir.1982) ("[a]ssuming the variance constituted a violation of state law, such violation is purely a question of state criminal procedure and does not present an issue cognizable in a federal habeas corpus action"). When there has been a violation of state procedure, the proper inquiry "is to determine whether there has been a constitutional infraction of

---

**2.** Manning's alleged third ground for relief is simply that the state cannot rely on a procedural default or a presumption of correctness since the state court issued a "blanket denial." Since

this case does not turn on failure to exhaust state remedies or on a presumption of correctness to state court findings, his third ground is a nullity.

defendant's due process rights which would render the trial as a whole 'fundamentally unfair.' " *Nelson,* 642 F.2d at 906 (citing *Donnelly v. De Christoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974)); *see Tifford v. Wainwright,* 588 F.2d 954, 957 (5th Cir.1979) (denial of motion to sever one codefendant's trial from that of other codefendants, under facts of the case, made trial "fundamentally unfair").

■ Manning concedes that the jury voted unanimously to find him guilty. He complains only about the "mode of trial." In order to show that his trial was "fundamentally unfair," Manning must show some prejudice resulting from the alleged misjoinder. *See Tifford,* 588 F.2d at 957. Manning does not point to any particular prejudice, relying only on *McZeal,* 352 So.2d at 603–05. An examination of the scant record in this case reveals that Manning cannot show any prejudice. The murder of Vonda Harris could have been admitted at a rape trial, and vice versa, as part of the *res gestae. See State v. Prieur,* 277 So.2d 126, 128 (La.1973) (related offenses are admissible as part of the *res gestae* ). When all the evidence at one trial could have been admitted at two separate trials, there could be no prejudice in having just one trial. Under the Federal Rules of Criminal Procedure, the two charges would have been properly joined as being part of the same transaction. Fed.R.Crim.P. 8(a).

Louisiana has created a unique statute about joinder of offenses and "mode of trial." Whether the state followed its own procedure is not the concern of a federal habeas court. The alleged misjoinder of the murder and rape charges did not make Manning's trial fundamentally unfair.

### IV.

Manning's other ground for relief is also meritless. In his second ground, given a liberal reading to a *pro se* petition, Manning alleged that his counsel was ineffective for failing to raise the severance issue. Because he did not allege any prejudice from this error, *see Hill v. Lockhart,* —

U.S. ——, ——, 106 S.Ct. 366, 371, 88 L.Ed.2d 203, 211 (1985) (petitioner must allege "prejudice" prong of *Strickland v. Washington* test), the trial court could properly dismiss it. Also, on its face, there was no prejudice from the alleged misjoinder. "[D]efendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Where, as here, all the evidence at the one trial would have been introduced at two separate trials, there is no reasonable probability that the result would have been different.

In sum, Manning's claims concerning the joinder of a rape and murder charge did not state a claim that his trial was fundamentally unfair. The trial court's denial of habeas relief is AFFIRMED.