United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41555
Summary Calendar

JACINTO SOLIS, II,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-140
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jacinto Solis, II, Texas prisoner # 886736, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his guilty-plea conviction for delivery of more than one and less than four grams of cocaine. He argues that his trial counsel rendered ineffective assistance by failing to investigate and challenge an enhancement in the indictment alleging that the offense occurred within 1000 feet of a playground; Solis pleaded

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

true to the enhancement at the advice of counsel. The district court found that although counsel's failure to investigate and challenge was deficient, Solis had not shown prejudice.

In order to obtain relief under 28 U.S.C. § 2254, Solis must show that the reasoning of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Solis asserts that under Texas law, prejudice is inherent because counsel's error resulted in an increase in the statutory minimum sentence from five years' imprisonment to 15 years' imprisonment. An error in state law is insufficient to warrant habeas relief. <u>Manning v. Warden, Louisiana St. Penitentiary</u>, 786 F.2d 710, 711 (5th Cir. 1986).

Solis alleges that various state courts use mathematical precision to determine the midpoint range of a guideline sentence and that if the jury had considered the proper range of punishment, it is reasonable to assume that they would have imposed a sentence proportionally below the new midpoint range of the guidelines. Any error in not following the law of another state will not merit habeas relief. <u>Manning</u>, 786 F.2d at 711. Although Solis contends that it would not have been an unreasonable application of clearly established federal law for the Texas courts to use a mathematical-precision analysis, he has not established that the *failure* to do so constituted an unreasonable application either. <u>See</u> 28 U.S.C. § 2254(d)(1).

Solis contends that the district court used the wrong standard by requiring him to show that his sentence was increased "due to" counsel's error. He maintains that the proper standard under Strickland v. Washington, 466 U.S. 668, 696 (1984), is that "the decision reached would reasonably likely have been different absent the error[]." Assuming *arguendo* that the district court applied the wrong standard, Solis has not established that he was entitled to habeas relief; he has not shown that it was "reasonably likely" that his sentence would have differed.

Solis also contends that the unreasonable severity of his sentence shows prejudice. Solis has not established that his sentence was wholly unreasonable for the offense he did commit and for his criminal history. Consequently, the judgment of the district court is AFFIRMED.