# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30131
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

ROLAND ADAMS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-816

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Roland Adams, Louisiana prisoner #306396, appeals the dismissal of his 28 U.S.C. § 2254 application challenging his conviction for second degree murder. The district court granted a certificate of appealability (COA) on the issues of whether (1) Adams's due process rights were violated by the trial court's denial of a motion to sever his trial from that of his brother, (2) Adams was denied the right to effective assistance of counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by counsel's failure to call a potential witness at trial and by counsel's failure to move for a mistrial, and (3) the prosecution withheld exculpatory evidence in the form of handwritten notes contained in the prosecutor's file.

In addressing the denial of § 2254 relief, we review issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as we do to the district court's decision under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).  Under the AEDPA, habeas relief may not be granted with respect to a claim that was adjudicated on the merits in state court, unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); *see also Harrington v. Richter*, 131 S. Ct. 770, 787 (2011).

Adams has not shown that the alleged error of the trial court in denying his motion to sever rendered the trial fundamentally unfair. *See Manning v. Warden, La. State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986).  Adams contends that Larry Adams presented an antagonistic defense, but the record does not support this assertion.

He also claims that the district court erred in finding that counsel was not ineffective for failing to call a potential witness to testify at trial. Specifically, he contends that trial counsel should have called Glenda Jackson, the owner of the gun found in Adams's van, as a witness.  Adams fails to assert that Jackson was available to testify or would have done so.  Neither does he set forth any content of her proposed testimony.  This claim also fails. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

No. 14-30131

Adams's challenge to his counsel's effectiveness for failing to request a mistrial based on his brother's abandonment of an alibi defense fails as well. Because the defenses were not mutually exclusive or antagonistic, Adams has failed to identify any basis for the trial court to grant a mistrial.

Regarding the alleged withholding of exculpatory evidence by the prosecution, Adams does not show that the handwritten notes contained in the prosecutor's work product were material evidence or that any evidence was suppressed. *See Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.