William A. RANSOM, Petitioner,

v.

Herman C. DAVIS, etc., et al., Respondents.

Civ. A. No. 3:84–1120.

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 24, 1984.

William A. Ransom, pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDA OPINIONS, ORDERS AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. William A. Ransom applied *pro se* for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden pursuant to the judgment of an unspecified date of the Probate Court of Davidson County, Tennessee * in violation of the Constitution, Fourteenth Amendment, Due Process Clause. 28 U.S.C. § 2254(a). He claims he raised the same questions presented here on direct review of his appeal of his judgment of conviction with the Court of Criminal Appeals of Tennessee, which affirmed the judgment of his conviction, and that he was denied permission to appeal further on August 27, 1984 by the Supreme Court of Tennessee. 28 U.S.C. §§ 2254(b), (c).

*Inter alia,* the applicant claims he was denied federal due process of law when the

* Sitting by interchange with the Criminal Court of Davidson County, Tennessee.

attorney for the state of Tennessee prosecuting him stated to the jury in a single instance in his final summation in the sentencing proceedings of the applicant that defense counsel " * * * wants you * * * to violate your oath * * *." Even if correct, the applicant is entitled to no relief on this claim of a violation of his federal right to due process of law.

The classic case on prosecutorial misconduct continues to be *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Berger was indicted on a charge of conspiring to utter counterfeit federal-reserve notes; the Supreme Court found such a highly probable circumstance of prejudice to the accused from the pronounced and persistent misconduct of the prosecuting attorney throughout the trial on the issue of Berger's guilt or innocence that the conviction was reversed. *Id.*, 295 U.S. at 89, 55 S.Ct. at 633.

■ However, the Court was careful to point-out *inter alia:*

> * * * If the case against Berger had been strong, or, as some courts have said, the evidence of his guilt was "overwhelming," a different conclusion might be reached. * * * Moreover, we have not here a case where the misconduct of the prosecuting attorney was slight or confined to a single instance, but one where such misconduct was pronounced and persistent, with a probable cumulative effect upon the jury which cannot be disregarded as inconsequential. * * *

*Id.* The single instance of a remark by the prosecuting attorney herein, while certainly not approved by this Court, occurred in the sentencing proceeding after the applicant's guilt had been determined already; in that situation, it must be concluded that the case against the applicant was strong and the evidence overwhelming enough to have removed any reasonable doubt of the petitioner's guilt. Even for purposes of trial error, as in *Berger, supra,* reversal would not have been indicated in such a circumstance, so certainly there was no constitutional infringement federally.

The applicant claims also such a violation depriving him of a fair trial in the sentencing portion of his trial from the failure of the prosecution to call for an amendment of the indictment returned against him to reflect the true facts when it became undisputed that two previous convictions of the applicant under two counts of an indictment, as to which he received concurrent sentences, were, for purposes of the habitual-criminal offense, to be considered as only one conviction. This was not a violation of federal due process:

■ The sufficiency of the indictment does not raise a federal-constitutional issue cognizable in a proceeding in habeas corpus when, as here, the notice to the accused person in the indictment fairly, even if imperfectly, apprises the accused person of the offense for which he or she is to be tried. *Blake v. Morford,* 563 F.2d 248, 250 ■ (6th Cir.1977), *cert.den., sub nom. Blake v. Thompson,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978). The federal Constitution permitted the state of Tennessee to enact the habitual-criminal statute it chose " * * * and to admit evidence during trial to prove allegations required under th[at] statutory scheme. * * *" *Spencer v. State of Texas,* 385 U.S. 554, 565–66, 87 S.Ct. 648, 654 [5], 17 L.Ed.2d 606 (1967), cited in *McGautha v. California,* 402 U.S. 183, 221, 91 S.Ct. 1454, 1474 [5], 28 L.Ed.2d 711 (1971), *reh. den.,* 406 U.S. 978, 92 S.Ct. 2407, 32 L.Ed.2d 677 (1972).

■ It is claimed further by the applicant that his right to federal due process of law was violated also when the trial Court excused for cause prospective jurors after they stated their respective inabilities to follow the law as given them by the trial judge in response to *voir dire* by the prosecuting attorney without further examination by the trial judge as purportedly required by Rule 34, Tenn.R.Crim.P. This could be nothing more than a perceived error of the law of Tennessee; " * * * [a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law. * * *" *Pulley v. Har-*

*ris,* 465 U.S. 37, ——, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984).

It appears plainly thus from an examination on preliminary consideration of the face of the applicant's petition that he is not entitled to any relief in this Court as to any of the three federal-constitutional claims. Rule 4, 28 U.S.C. fol. § 2254. It hereby is

ORDERED that the petition herein is DISMISSED summarily, *id.;* that the clerk so notify the petitioner forthwith, *id.;* and that the clerk serve forthwith by certified mail on the respondent-warden and the attorney general and reporter of Tennessee copies of the petition herein and of this order, *id.*

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered thereon by the clerk, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis, Rule 24(a), F.R.App.P. Any such notice will be considered also as an application for a certificate of probable cause, Rule 22(b), F.R. App.P., which WILL issue in the light of the interpretative nature of this order.