■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT T. CARROLL, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered March 14, 1984, convicting him of rape in the first degree, rape in the third degree, sexual abuse in the first degree, and aggravated sexual abuse, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The charges against defendant arose out of an incident on either April 4 or 5, 1983, in which defendant and three other men allegedly tied a 15-year-old girl to a bed and raped and sexually abused her. The testimony of the complaining wit-

ness showed that defendant not only raped her but also inserted a pool cue into her vagina. Defendant did not testify but did call three alibi witnesses who testified that he spent the evenings of April 4 and April 5 with his fiancée and various other friends. The evidence adduced at trial was sufficient to prove guilt beyond a reasonable doubt *(see, People v Foster,* 64 NY2d 1144, *cert denied* — US —, 106 S Ct 166).

Defendant contends that he was deprived of a fair trial by the prosecutor's cross-examination of his alibi witnesses concerning their failure to disclose the exculpatory information to an investigator from the District Attorney's office who contacted them. Since this cross-examination was not objected to at trial, defendant has failed to preserve the issue for appellate review *(see, People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949). In any event, the cross-examination was proper since the prosecutor established that the witnesses were aware of the charges against defendant, had reason to recognize that they possessed exculpatory information, had a reasonable motive for acting to exonerate the defendant, and were familiar with the means to make the information available to law enforcement authorities *(see, People v Dawson,* 50 NY2d 311). No error was committed by the court in not charging the jury that the witnesses had no obligation to come forward with exculpatory information since such a charge was never requested *(see, People v Dawson, supra).* While we agree with defendant that the notice of alibi should not have been admitted into evidence, this was harmless error.

We find no abuse of discretion in the trial court's ruling which precluded cross-examination of the complaining witness concerning her sexual conduct. Since defendant never raised the issue of consent, the prejudicial effect of such testimony would clearly outweigh its probative value *(see,* CPL 60.42 [5]; *People v Rockwell,* 97 AD2d 853; *People v Barlow,* 88 AD2d 668). It was also a proper exercise of discretion to deny defendant's application to preclude cross-examination concerning his prior conviction for attempted robbery *(see, People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861; *People v Sandoval,* 34 NY2d 371). Since attempted robbery is a crime involving dishonesty, it was material to defendant's credibility and not so similar to the crimes charged as to be unduly prejudicial *(cf. People v Mackey,* 49 NY2d 274).

We also find no error in the court's refusal to permit the complaining witness to be recalled to the stand to be cross-examined concerning a tape-recorded conversation which was discovered late in the trial in that: (1) there was no mention of

defendant on the tape,. (2) there was no indication as to what events were being discussed, and (3) defendant had previously had an extended opportunity to impeach the credibility of the complaining witness *(see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846).

We further hold that the prosecutor's remarks during summation were proper comments on the evidence and did not improperly allude to defendant's failure to testify *(see, People v Roberts,* 103 AD2d 975, *affd* 64 NY2d 854; *People v Baldo,* 107 AD2d 751), and that the time period designated in the indictment was sufficiently specific *(see, People v Morris,* 61 NY2d 290). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.