Mario Merola, Dist. Atty., New York City (Elise F. Spatola, Asst. Dist. Atty., of counsel), for respondents.

**Luis CARRASQUILLO, Petitioner,**

v.

**William KIRK, Superintendent, Wallkill Correctional Facility and Robert Abrams, Attorney General of the State of New York, Respondents.**

**No. 86 Civ. 0250 (JES).**

United States District Court,
S.D. New York.

Jan. 14, 1988.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

In this action, petitioner Luis Carrasquillo seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). This matter was referred to a Magistrate for a Report and Recommendation, and the Magistrate recommended that the writ be denied and

the action dismissed. *See* Report and Recommendation ("Report") at 1, 13. Pursuant to 28 U.S.C. § 636(b), the Court has reviewed de novo petitioner's objections to the Report. For the reasons set forth below, the Court concludes that the petition should be dismissed.

## FACTS

Following a jury trial, petitioner was convicted of criminal sale and criminal possession of a controlled substance. After exhausting his state remedies, petitioner filed the instant petition, alleging that "the trial court abused its discretion and deprived [petitioner] of a fair trial by allowing the prosecutor to cross-examine [petitioner] if he testified concerning his prior conviction of narcotics possession where [petitioner] was being tried for sale and possession of narcotics." *See* Petition at 5.

The record reveals that at a pretrial suppression hearing held pursuant to *People v. Sandoval*, 34 N.Y.2d 371, 375, 314 N.E.2d 413, 416, 357 N.Y.S.2d 849, 854 (1974), the trial court in a narrowly-tailored ruling excluded all prior convictions except for a 1978 conviction for possession of a controlled substance. *See* Transcript of Suppression Hearing ("Tr.") at 34. The court ruled that the prosecution could inquire as to whether petitioner was convicted of the 1978 charge to impeach petitioner's credibility if he chose to testify. *See id.* at 34–35. Petitioner did not testify at his trial. Respondent therefore argues that the petition must be dismissed because "it does not raise a federal question and, in any event, is not reviewable by this Court." Respondent's Memorandum of Law at 5.

## DISCUSSION

In *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), a defendant who did not testify at trial challenged the District Court's *in limine* ruling that a prior conviction constituted permissible evidence for limited impeachment under Federal Rule of Evidence 609(a).[1] *See id.* at 39–40, 105 S.Ct. at 462. The Court of Appeals declined to review the ruling and the Supreme Court affirmed. The Court noted that the balancing determination required by Rule 609(a)(1) could not be performed without knowing the "precise nature" of defendant's testimony and that "[a]ny possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative." *Id.* at 41, 105 S.Ct. at 463. The Court characterized the *in limine* ruling as "not reaching constitutional dimensions" and held that in such a situation, a defendant must testify to raise and preserve for review the claim of improper impeachment by a prior conviction. *See id.* at 43, 105 S.Ct. at 464.

The instant case is virtually indistinguishable from *Luce*, except that *Luce* involved a direct appeal from a federal conviction and petitioner here raises his claim collaterally in a petition for habeas corpus to review the validity of a state conviction. Because of the Supreme Court's conclusion that *Luce* involved a question "not reaching constitutional dimensions" on direct appeal, it follows that no due process claim based upon the same circumstances can be a basis for successfully challenging a state conviction in habeas corpus. *Cf. United States ex rel. Curtis v. Zelker*, 466 F.2d 1092, 1100 (2d Cir.1972).[2]

---

**1.** Federal Rule of Evidence 609(a) provides as follows:

> (a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect

to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment. The balancing test required by Rule 609(a) is similar to the balancing process employed by New York courts to determine whether a prior conviction may be used to impeach a defendant. *See People v. Sandoval*, 34 N.Y.2d 371, 375, 314 N.E.2d 413, 416, 357 N.Y.S.2d 849, 853–54 (1974).

**2.** To the extent that respondent argues that petitioner's failure to testify operates as a procedural default, the Court agrees with the Magistrate's determination that petitioner is not barred from

The Court notes, however, that "where the *in limine* ruling depends on legal and not factual considerations, the requirement that the defendant actually testify at trial to preserve the admissibility issue for appeal 'might not necessarily be appropriate.'" *See Biller v. Lopes*, 834 F.2d 41, 44 (2d Cir.1987) (quoting *Luce, supra*, 469 U.S. at 44, 105 S.Ct. at 464 (Brennan, J., concurring)). Thus, *Luce* does not preclude a nontestifying defendant from challenging a trial court's determination that a prior conviction that is constitutionally invalid can be used to impeach the defendant's credibility. *See Biller, supra; cf. United States ex rel. Adkins v. Greer*, 791 F.2d 590, 593–94 (7th Cir.1986) (habeas court can review trial court's ruling that inculpatory statements elicited in violation of Sixth Amendment were admissible for impeachment purposes, notwithstanding defendant's decision not to testify).[3] There is no claim made here, however, that the prior conviction at issue was obtained in violation of petitioner's constitutional rights. Therefore, a determination of whether the alleged error was or was not of constitutional dimensions can only be determined by balancing factual considerations of which the defendant's testimony is a necessary part.

## CONCLUSION

The Court concludes that because petitioner did not testify, the Court is unable to assess the adequacy of his due process claim. The petition must, therefore, be dismissed.

It is SO ORDERED.

---

raising his claim on that ground. *See* Report at 7–8.

**3.** The *Luce* court distinguished two earlier cases involving challenges to state court rulings made by non-testifying defendants. Both of these cases provide additional examples of situations where the determinative questions are legal and not factual.

In *Brooks v. Tennessee*, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), the Court held that a state statute requiring that a defendant testify first was unconstitutional even though the defendant challenging the statute did not testify. *See id.* at 609, 612, 92 S.Ct. at 1893, 1895. The court noted that the defendant "was deprived of his constitutional rights *when the trial court excluded him* from the stand for failing to testify first." *Id.* at 613, 92 S.Ct. at 1895 (emphasis added); *see also id.* at 611 n. 6, 92 S.Ct. at 1894 n. 6. Thus, the court's analysis did not require an examination of factual considerations.

Similarly, in *New Jersey v. Portash*, 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979), the court concluded that although the defendant did not testify, it could review a state court ruling permitting immunized grand jury testimony to be used for impeachment. *See id.* at 454–56, 99 S.Ct. at 1294–95. Because the trial court's ruling would have permitted the introduction of coerced testimony at trial, *see id.* at 459, 99 S.Ct. at 1297, no balancing of factual considerations was required for the court to determine that the ruling violated the Fifth and Fourteenth Amendments' protection against compelled self-incrimination.