Gilbert G. CARROLL, Petitioner,

v.

Robert HOKE, Warden of Eastern Correctional Facility, Respondent.

No. CV 88–1065.

United States District Court,
E.D. New York.

Oct. 4, 1988.

Gilbert G. Carroll, Napanoch, N.Y., pro se.

Patrick Henry, Suffolk County Dist. Atty. by Arthur Scheuermann, Riverhead, N.Y., for respondent.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Gilbert Carroll ("Carroll" or the "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the application is denied.

### I. *Background*

#### A. *Petitioner's State Court Conviction*

In an indictment handed down by a Suffolk County grand jury petitioner was charged with the commission of several sexually-related offenses alleged to have occurred on April 4 or April 5 of 1983. A jury trial was held and on March 14, 1984 petitioner was convicted of the crimes alleged in the indictment. Shortly thereafter, Carroll was sentenced to various terms—the longest of which was a term of six to twelve years—to run concurrently.

Petitioner appealed his conviction to the Appellate Division of the Supreme Court, Second Department, and in an opinion dated February 24, 1986 that Court unanimously affirmed the conviction. *See Peo-*

*ple v. Carroll,* 117 A.D.2d 815, 499 N.Y.S. 2d 135 (2d Dep't 1986). Carroll's subsequent application for leave to appeal to the New York State Court of Appeals was denied on April 22, 1986. This proceeding followed.

#### B. *Grounds For Relief*

Petitioner urges five grounds in support of the present application. Although the grounds raised are couched in constitutional terms they are, for the most part, restatements of allegedly erroneous evidentiary rulings made by the state trial court.

Labelling ground one as an argument that his conviction was obtained "in violation of the constitutional guarantee of due process of law and the right to a fair trial," Carroll takes issue with various rulings related to his alibi defense. Petitioner's second claim is that the indictment failed to give him constitutionally adequate notice of the crimes with which he was charged. Third, petitioner argues that the trial court's curtailment of cross-examination of the victim regarding her prior sexual conduct deprived him of the constitutional right to confront his accusers.

Petitioner's fourth ground alleges that an allegedly improper ruling concerning the admissability of petitioner's prior attempted robbery conviction violated his constitutional rights. Finally, Carroll argues that the trial court improperly refused to admit a tape recording of a conversation between the complainant and another individual and improperly refused a request to recall the complainant for additional cross-examination concerning the recording. Each ground urged in support of petitioner's habeas application is discussed below.

### II. *The Present Petition*

#### A. *Evidentiary Rulings Concerning the Alibi Defense*

Petitioner argues that three evidentiary rulings concerning his alibi defense deprived him of a fair trial. Specifically, it is argued that the trial court improperly allowed the prosecutor to impeach the witnesses' credibility by questioning them as

to their failure to disclose exculpatory information to an investigator prior to trial. Second, petitioner takes issue with the trial court's alibi charge. Finally, it is argued that the trial court improperly admitted a "Notice of Alibi" into evidence.

### i. Cross–Examination of Alibi Witnesses

■ As noted above, the grounds raised by petitioner here were also raised in Carroll's appeal to the appellate division. When ruling on the propriety of the prosecution's cross-examination of the alibi witnesses, the state appellate court noted that Carroll's failure to object to this line of questioning at trial rendered the issue unpreserved for appellate review. *See Carroll*, 499 N.Y.S.2d at 136. The Court also ruled, in the alternative, that the questioning was appropriate. *See id.*

Where, as here, the state court has ruled alternatively on procedural and substantive grounds the procedural default doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), is implicated. In such a case this Court must assume that an adequate and independent state law ground exists to uphold the ruling, *see Phillips v. Smith*, 717 F.2d 44, 48 (2d Cir. 1983), *cert. denied*, 465 U.S. 1027, 104 S.Ct. 1287, 79 L.Ed.2d 689 (1984), and petitioner must show cause for his failure to comply with the state rule of procedure and prejudice attributable thereto, *id.; see also Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). Since petitioner has offered no reason for his failure to comply with New York's contemporaneous objection rule and the mere failure to object does not, standing alone, constitute the requisite cause, *see Murray v. Carrier*, 477 U.S. 478, 486–87, 106 S.Ct. 2639, 2644–45, 91 L.Ed.2d 397 (1986), petitioner has not satisfied the first prong of the cause and prejudice test. Accordingly, this Court cannot review the merits of Carroll's claim that the prosecution improperly cross-examined the alibi witnesses.

### ii. The Alibi Charge

■ Petitioner's claim concerning the impropriety of the trial judge's alibi charge is closely related to the claim concerning the allegedly improper cross-examination of the alibi witnesses. Specifically, Carroll claims that the trial judge should have issued a limiting instruction charging the jury that the alibi witnesses failure to speak to the authorities did not render them "liars" who had shirked their responsibilities.

An allegedly erroneous jury instruction will form the basis for issuance of a writ of habeas corpus only if the instruction, when viewed in the context of the entire trial, was so unfair as to deprive defendant of a fundamentally fair trial. *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973). A habeas petitioner complaining about an *omitted* jury instruction, when no objection was made to the state trial court's charge, bears a heavy burden. In such a case the federal court must afford the trial court's instruction "extravagant" protection. *Henderson v. Kibbe*, 431 U.S. 145, 154 n. 11, 97 S.Ct. 1730, 1736 n. 11, 52 L.Ed.2d 203 (1976). Indeed, it is the "rare case in which an improper instruction will justify reversal of a criminal conviction...." *Id.* at 154, 97 S.Ct. at 1736. This standard is particularly rigid where, as here, the claim of prejudice stems from the *failure* to give an instruction. *See id.* at 155, 97 S.Ct. at 1737.

Given this strict standard of review, the Court cannot find that the trial court's failure to give any limiting instruction concerning the testimony of alibi witnesses deprived Carroll of his right to a fair trial. The trial court's charge was not objected to and Carroll never requested the limiting instruction referred to here. The court's instruction tracked New York's pattern jury instruction and there is no indication that the charge, as given, was improper. Since ample evidence rebutting petitioner's alibi defense was presented to the jury, there is no indication that the failure to give the limiting instruction affected the fairness of the trial. In sum, the trial court's alibi instruction was appropriate, no objection was voiced and there has been no constitutional violation. *Cf. Wright v.*

*Smith,* 569 F.2d 1188, 1191–94 (2d Cir.1978) (although state court's alibi charge might have been in error failure of counsel to object and conduct of entire charge and trial did not require issuance of writ of habeas corpus).

### iii. The Notice of Alibi

■ Petitioner's final argument concerning the alibi defense concerns the "Notice of Alibi"—a document used in state proceedings when a criminal defendant intends to use an alibi defense. Specifically, Carroll argues that it was improper for the trial court to admit the Notice of Alibi into evidence and that its admission deprived him of his right to a fair trial. While respondent agrees that the Notice of Alibi was improperly admitted, it is argued that this error is not of constitutional magnitude and does not, therefore, warrant the granting of a writ of habeas corpus. This Court agrees.

At the outset this Court notes that to prevail on his claim petitioner must show that the error was so pervasive as to have denied him his constitutional right to a fundamentally fair trial. *Mapp v. Warden, N.Y. State Corr. Inst.,* 531 F.2d 1167, 1173 (2d Cir.1976), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976). Petitioner bears a heavy burden since evidentiary errors do not generally rise to the level of a constitutional deprivation requiring the setting aside of a conviction. *Lipinski v. People of New York,* 557 F.2d 289, 292 (2d Cir.1977), *cert. denied,* 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978); *Jenkins v. Bara,* 663 F.Supp. 891, 899 (E.D.N.Y. 1987). Where, as here, evidence is claimed to have been erroneously *admitted,* the issue becomes "whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for a conviction or to remove a reasonable doubt that would have existed on the record without it." *Collins v. Scully,* 755 F.2d 16, 19 (2d Cir.1985). Such evidence has been described as "crucial," "critical," or "highly significant." *Id.,* quoting, *Nettles v. Wainwright,* 677 F.2d 410, 414–15 (5th Cir.1982).

Applying this standard here leads the Court to conclude that there has been no error of constitutional magnitude. While it is true that there were discrepancies between the alibi notice and the testimony of an alibi witness, these discrepancies were brought out on cross-examination of that witness. Thus, it is unlikely that admission of the notice into evidence had any greater effect than its discussion on cross-examination. Moreover, sufficient additional evidence, notably the testimony of a co-defendant, existed to refute petitioner's alibi defense. Under these circumstances it cannot be said that the admission of the Notice of Alibi was so important as to have "removed a reasonable doubt that would have existed on the record without it." *Collins,* 755 F.2d at 19. Accordingly, this Court holds that admission of the Notice of Alibi was not an error of constitutional magnitude requiring a granting of petitioner's application.

### B. *Adequacy of the Indictment*

■ Petitioner's second claim for relief alleges that the state court indictment was constitutionally defective because it failed to state, with sufficient particularity, the date upon which petitioner's alleged crimes were committed.

The sufficiency of a state indictment cannot form the basis for the issuance of a writ of habeas corpus unless the indictment falls below basic constitutional standards. Those standards ensure a defendant the opportunity to prepare a sufficient defense by requiring that an indictment inform the accused, in general terms, of the time, place and essential elements of the alleged crime. *Ransom v. Davis,* 613 F.Supp. 430, 431 (M.D.Tennessee 1984), *aff'd,* 767 F.2d 921 (6th Cir.1985); *United States v. Goldberg,* 587 F.Supp. 302, 310 (S.D.N.Y. 1984), *vacated on other grounds,* 756 F.2d 949 (2d Cir.), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2706, 86 L.Ed.2d 721 (1985); *see Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir.1980); *United States ex rel. Mintzer v. Dros,* 403 F.2d 42, 43 (2d Cir.1967).

Here, there is little question that the indictment charging petitioner met the constitutional standards referred to above. Carroll was apprised of the crimes with which he was charged and the approximate dates on which they were committed. Petitioner presented alibi witnesses who testified as to his alleged whereabouts on the dates of the crimes. It is thus clear that petitioner was able to prepare his defense and he has come forward with no evidence showing how any alleged lack of notice deprived him of a fair trial. Accordingly, petitioner's claim as to any inadequacy of the notice provided by the indictment must fail.

## C. *Right of Confrontation*

During the course of the state proceedings the trial court excluded certain testimony pursuant to section 60.42 of New York's Criminal Procedure Law (the "Rape Shield Statute"). That statute, like Rule 412 of the Federal Rules of Evidence, prohibits the introduction of testimony about a victim's sexual conduct where the defendant is accused of a sexual offense.

■ Far from being a total bar to testimony, the Rape Shield Statute contains several exceptions, each designed to ensure the fairness of the proceedings. For example, the statute allows testimony of a victim's prior sexual conduct to prove specific instances of sexual conduct with the defendant, *see* N.Y.Crim.Proc.L. § 60.42(1), or to prove that the victim was convicted of the offense of prostitution, *see* N.Y.Crim. Proc.L. § 60.42(2). Finally, the statute contains a catch-all provision allowing for the introduction of evidence of the victim's prior sexual conduct where the court finds such evidence to be "relevant and admissible in the interests of justice." N.Y.Crim. Proc.L. § 60.42(5). According to petitioner, the trial court's use of the Rape Shield Statute deprived Carroll of his constitutional right to confrontation. For the reasons set forth below, this Court disagrees.

The Sixth Amendment right of an accused to "confront his accusers" includes the right of a defendant to effective cross-examination. *See Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1109, 39 L.Ed. 2d 347 (1974). In *Davis*, the Supreme Court stressed the importance of this right, referring to cross-examination as "the principle means by which the believability of a witness and the truth of his testimony are tested." *Id.;* at 316, 94 S.Ct. at 1110. The Court also stated that appropriate limits on cross-examination are necessary and do not impinge on any constitutional guarantee. Thus, the Court noted that cross-examination is "[s]ubject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation...." *Id; see also Delaware v. Fensterer*, 474 U.S. 15, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985).

Here, petitioner has failed to show how the use of the Rape Shield Statute resulted in a violation of the constitutional right of confrontation. Ample evidence impeaching the victim's testimony, including evidence of prior sexual contact with other individuals on the night in question and evidence that the victim lied to her mother, was elicited. Since petitioner relied on an alibi defense and never raised the defense of consent, it is doubtful that additional evidence of the victim's prior sexual conduct would have made any difference. In sum, the Court finds that petitioner was afforded ample opportunity to effectively cross-examine his accuser and that, therefore, there was no Sixth Amendment violation.

## D. *State Court's Sandoval Ruling*

■ In a proceeding held pursuant to *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974) the state court ruled that evidence of petitioner's previous attempted robbery conviction could be used as impeachment evidence if petitioner chose to take the stand. Petitioner argues that this ruling made it impossible for him to testify in his own defense and thereby deprived him of his constitutional right to a fair trial.

In the context of federal appeals, the Supreme Court has held that an *in limine* ruling allowing impeachment by use of a prior conviction does not present a question of constitutional dimension and is not reviewable on appeal unless the defendant testifies. *Luce v. United States*, 469 U.S.

38, 43, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984). The rationale for this ruling lies in the fact that the failure of the defendant to testify renders any harm flowing from the ruling totally speculative. *Id.* at 41, 105 S.Ct. at 463; *see also United States v. Weichert,* 783 F.2d 23, 25 (2d Cir.1986).

Although this case involves the collateral review of a *state* trial court's *Sandoval* ruling and *Luce* involved the direct review by a Circuit Court of Appeals of a *federal* trial court's ruling pursuant to Rule 609 of the Federal Rules of Evidence, the *Luce* rationale is equally applicable. In both cases the ruling at issue seeks to balance the prejudicial impact of the prior conviction against its value as impeachment testimony, *Compare Sandoval,* 357 N.Y.S.2d at 853–54, 314 N.E.2d at 416–17 *with* Fed.R. Evid. 609, and in both cases the defendant's failure to testify makes it impossible to test the propriety of the ruling. Since the Court can find no meaningful distinction between the situation in *Luce* and the present case, the Court holds that petitioner's claim as to the impropriety of the *Sandoval* ruling does not raise an issue of constitutional significance. Accordingly, the Court holds that petitioner's claim concerning the admissibility of his prior conviction is beyond this Court's powers of review. *Accord Carrasquillo v. Kirk,* 677 F.Supp. 193 (S.D.N.Y.1988).

**E.** *The Tape Recording*

■ Petitioner's final claim takes issue with the trial judge's rulings concerning a tape recording of a conversation between the complainant and a friend. The recording allegedly reveals the complainant's motive to fabricate and her consent to the actions at issue. According to petitioner, the trial judge should have admitted the recording into evidence and was in error when he refused to allow defense counsel to re-open cross-examination of the complainant with respect to the recording.

Petitioner's claims concerning the recording, like many of his other claims, are addressed to the trial court's evidentiary rulings. As noted above, such claims can only rise to the level of a constitutional deprivation where petitioner can show that he was deprived of a fundamentally fair

trial. To sustain his burden petitioner must show that evidence omitted is "crucial" "critical" or "highly significant." *Collins,* 755 F.2d at 19. With respect to the tape recording, petitioner has not sustained that burden.

Although petitioner states that the recording was in the prosecution's possession, there is nothing in the record to support this allegation. Moreover, as the state appellate court held when it rejected the same claim, Carroll was never mentioned in the tape, there was no indication as to what events were being discussed and Carroll had previously been afforded an ample opportunity to cross-examine the complainant. *See Carroll,* 499 N.Y.S.2d at 137. Under these circumstances this Court cannot find that the state court's rulings with respect to the tape recording deprived petitioner of his right to a fundamentally fair trial.

CONCLUSION

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

SO ORDERED.