■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELGIN MCEACHIN, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered February 25, 1987, convicting defendant, after a jury trial, of four counts of robbery in the first degree, four counts of robbery in the second degree and two counts of assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12 to 24 years, 7 to 14 years and 2 to 4 years, respectively, unanimously affirmed.

Contrary to defendant's contention, the jury was properly permitted to consider whether defendant was guilty of the crimes charged under the principle of accomplice liability. The language of the indictment indicated that the defendant was being charged with liability for not only his actions, but also those of another. This language further made clear that only a single pistol was used during the robbery. The defendant was tried for the same crimes for which the grand jury chose to indict him *(People v Grega,* 72 NY2d 489, 495-496), and there is no distinction between liability as a principal and criminal culpability as an accessory. The status for which the defendant is convicted has no bearing upon the theory of the prosecution *(People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910). It is uncontroverted that defendant was present when his cohort produced the weapon and proceeded to demand money and jewelry from the victims. Indeed, the defendant himself assisted in the taking of property and fled with his armed cohort, eventually pulling a bystander from a vehicle in order to facilitate their escape. Whether the defendant possessed the requisite mental culpability to warrant the conviction was a question for the jury to determine *(see, People v Steinberg,* 170 AD2d 50, 69, *affd* 79 NY2d 673), and guilt was proven beyond a reasonable doubt, the jury having been properly permitted to consider whether defendant was guilty under the principle of accomplice liability *(cf., People v Duncan, supra).*

Nor can the court's *Sandoval* ruling be deemed erroneous as having deprived defendant of the only material source of testimony in support of his defense, this being but one factor to consider *(People v Grice,* 177 AD2d 271, *lv denied* 79 NY2d

857). The court's carefully reasoned compromise, rendered only after expressly considering all the relevant factors, was well within its discretion *(People v Sandoval,* 34 NY2d 371). Defendant's past acts of theft bear on his credibility *(People v Greer,* 42 NY2d 170, 176), and the court was not requested to direct the prosecutor to inquire only if defendant had ever been convicted of a felony *(People v Bennette,* 56 NY2d 142, 147).

Nor can it be said that the prosecution unfairly responded to the defense arguments on summation *(see, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912), or that the court's instructions were unfair or inaccurate *(see, People v Saunders,* 64 NY2d 665, 667). Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.